# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| WILLIAM S. CARTER | CIVIL ACTION NO. 5:14-cv-2217 |
|     LA. DOC #352396 | |
| VS. | SECTION P |
| | JUDGE S. MAURICE HICKS |
| WARDEN KEITH DeVILLE | MAGISTRATE JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

*Pro se*[1] petitioner William S. Carter, an inmate in the custody of Louisiana's Department

of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254

on June 30, 2014. Petitioner attacks his 2006 conviction for distribution of methamphetamine

and the hard labor sentence imposed thereon by the Twenty-Sixth Judicial District Court, Bossier

Parish. This matter has been referred to the undersigned for review, report, and recommendation

in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the

following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as

time-barred by the provisions of 28 U.S.C. §2244(d).

---

[1] The original hand-written petition was signed by petitioner; it was dated June 27, 2014; it was mailed from the Bossier Medium Security Prison and received and filed on June 30, 2014. [Doc. 1] In the cover-letter accompanying the pleading petitioner alleged "... I have previously lodged a writ of *habeas* through counsel Mr. Keene. I feel it was incomplete so I beg the court to allow this my own pro se supplemental petition for writ of *habeas corpus* to be filed in with my first writ of *habeas corpus*..." [Doc. 1, p. 12] However, the records of this Court contain no prior filing on petitioner's behalf by Mr. Keene; nor any prior filings by petitioner.  However, a pleading dated July 11, 2014 and signed by attorney J. Ransdell Keene was mailed by petitioner from prison and received and filed on July 15, 2014. [Doc. 4] In any event, Mr. Keene has not enrolled as counsel and until such time as he does, it will be presumed that petitioner proceeds *pro se* herein.

*Background*

Petitioner was found guilty of distribution of methamphetamine on December 12, 2006; on May 22, 2007, he was sentenced to serve 20 years at hard labor. [Doc. 4, ¶ 1-7] Appellate counsel was appointed. Counsel appealed to the Second Circuit Court of Appeal claiming excessiveness of sentence; petitioner submitted a *pro se* brief raising four claims. His first and fourth *pro se* assignments of error alleged trial court error in denying his motions for new trial and post verdict judgment of acquittal based upon the jury's rejection of petitioner's entrapment defense; his third assignment of error claimed trial court error in denying his proposed jury instruction on the issue of entrapment; and, his second assignment alleged trial court error in refusing to grant a motion to quash based on the defense of entrapment.  On January 9, 2008, petitioner's conviction and sentence were affirmed. *State of Louisiana v. William Stephen Carter*, 42894 (La. App. 2 Cir. 1/9/2008), 974 So.2d 181.  His application for writs was denied by the Louisiana Supreme Court on November 14, 2008. *State of Louisiana v. William Stephen Carter*, 2008-0499 (La. 11/14/2008), 996 So.2d 1086. Petitioner did not seek further direct review in the United States Supreme Court. [Doc. 4, ¶9(h)]

On December 17, 2008, petitioner filed his first application for post-conviction relief in the District Court. He raised claims of ineffective assistance of counsel and entrapment.  On June 30, 2009, the trial court denied post-conviction relief. Thereafter on October 22, 2009, the Second Circuit Court of Appeals denied writs in the matter assigned Docket Number 44,450-KH. The Louisiana Supreme Court denied writs on November 12, 2010, and denied reconsideration on January 14, 2011. [Doc. 4, ¶11; see also *State of Louisiana ex rel. William S. Carter v. State of Louisiana*, 2009-2574 (La. 11/12/2010), 49 So.3d 878, *reconsideration denied*, 2009-2574

2

(La. 1/14/2011), 52 So.3d 891.]

Petitioner, through retained counsel, Mr. Keene, filed a second application (entitled "Supplemental Application for Post-Conviction Relief") in the District Court on April 10, 2012; the pleading argued various instances of ineffective assistance of trial counsel. [See Doc. 5, pp. 1-7] Thereafter, on November 26, 2012, petitioner filed a *pro se* "Supplemental Application." Both applications were denied by the District Court as untimely under La. C.Cr.P. art. 930.8 on February 20, 2013. [Doc. 5, pp. 8-10] Petitioner's counseled application for writs [Doc. 5, pp. 12-23] was denied by the Second Circuit Court of Appeal as untimely on April 19, 2013, in the matter assigned Docket Number 48329-KW. [Doc. 5, p. 11]; and, on December 2, 2013, petitioner's writ applications were denied by the Louisiana Supreme Court. [Doc. 4, ¶ 11] In denying relief the Supreme Court cited La. C.Cr.P. art. 930.8 and  *State ex rel. Glover v. State*, 93–2330 (La.9/5/95), 660 So.2d 1189. *See State of Louisiana ex rel. William S. Carter v. State of Louisiana*, 2013-2267 (La. 12/2/2013), 126 So.3d 1287 and *State of Louisiana v. William S. Carter*, 2013-1136 (La. 12/2/2013), 126 So.3d 496.[2]

Petitioner filed a hand-written *pro se* petition on June 30, 2014, raising the following claims for relief: (1) "petitioner contends that entrapment can be established as a matter of law;" (2) "Cause" and "Prejudice" – the District Court unreasonably applied La. C.Cr.P. art. 930.8(A) without considering the equities of petitioner's supplemental briefs; (3) ineffective assistance of counsel on appeal based on counsel's inability/failure to argue ineffective assistance of trial

---

[2] The writ application assigned Supreme Court Docket No. 2013-KH-2267 makes reference to a Second Circuit writ denial under that Court's Docket No. 48455-KH. The writ application assigned Supreme Court Docket No. 2013-KP-1136 references the Second Circuit writ denial noted above under Docket No. 48329-KW.  Neither the petition, memorandum, nor exhibits explain this situation; however, this issue does not appear to be relevant to this inquiry.

counsel; and, (4) "violation of the 12th amendment to fair trial exculpatory evidence". [Doc. 1]

In the petition signed by Mr. Keene and filed on July 15, 2014, a single claim was raised,

ineffective assistance of trial counsel.  In support of this claim, the petition notes, "In the

Supplemental Application for Post-Conviction Relief dated April 10, 2012, the issues of lack of

confrontation, multiple failures to object during closing argument, failure to make a *Batson*

challenge and Cumulative Error were factually set out." [Doc. 4] On July 21, 2014, petitioner

filed another *pro se* petition again raising claims of (1) entrapment, (2) cause and prejudice, (3)

ineffective assistance of appellate counsel, and (4) "violation of the 12th Amendment to fair trial

'exculpatory evidence.'" [Doc. 6] Petitioner also filed a 17 page "Supplemental Memorandum."

Among other things petitioner argued that La. C.Cr.P. art. 930.8 is unconstitutional and violates

Louisiana Const. Art. 1, Section 22 which guarantees the right of access to the Courts. [Doc. 6-1]

### Law and Analysis

#### 1. Timeliness under § 2244(d)(1)(A)

Title 28 U.S.C. §2244(d)(1)(A) was amended by the Anti-Terrorism and Effective Death

Penalty Act of 1996 (the AEDPA) to provide a one-year statute of limitations for the filing of an

application for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant

to the judgment of a State court. This limitation period generally runs from "...the date on which

the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

---

[3] Nothing of record suggests that the limitations period should be reckoned as provided by 28 U.S.C. §(d)(1)(B), (C), or (D) in that petitioner has not alleged the presence of state created impediments to filing, or a newly recognized Constitutional right, or the recent discovery of the facts upon which his petition is premised.

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his conviction and sentence to the Second Circuit Court of Appeals, and when that Court affirmed his conviction and sentence on January 9, 2008 [*State of Louisiana v. William Stephen Carter*, 42894 (La. App. 2 Cir. 1/9/2008), 974 So.2d 181], petitioner sought further direct review in the Louisiana Supreme Court. The Louisiana Supreme Court denied writs on direct review on November 14, 2008. *State of Louisiana v. William Stephen Carter,* 2008-0499 (La. 11/14/2008), 996 So.2d 1086. Petitioner did not seek further direct review in the United States Supreme Court [Doc. 4, ¶9(h)]; therefore, his judgment of conviction and sentence became final for AEDPA purposes by "... the expiration of the time for seeking [further] direct review..."  90 days later or, on or about February 14, 2009, when the time limits for seeking further direct review by filing a petition for *certiorari* in the United States Supreme Court expired. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999) (A state conviction "becomes final upon direct review, which occurs upon denial of *certiorari* by the Supreme Court or expiration of the period for seeking *certiorari*."  Under Rule 13.1 of the Supreme Court Rules, the petitioner had ninety days from the Louisiana Supreme Court's judgment denying  his petition for

5

*certiorari* to file a petition for a writ of *certiorari* in the United States Supreme Court.  *See Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994)).  Thus, the AEDPA limitations period began to run on February 14, 2009, and petitioner had one year, or until February 14, 2010, to file his *habeas corpus* petition.

Petitioner was able to toll the AEDPA's limitations period when he filed his first application for post-conviction relief in the District Court on December 17, 2008; that application remained properly filed and pending in either the District Court, the Court of Appeal, or the Supreme Court, until January 14, 2011, when Louisiana's Supreme denied writs and thereafter denied reconsideration. *State of Louisiana ex rel. William S. Carter v. State of Louisiana*, 2009-2574  (La. 11/12/2010), 49 So.3d 878, *reconsideration denied*, 2009-2574 (La. 1/14/2011).  Thereafter, a period of 15 months elapsed untolled before petitioner and his attorney filed the second application for post-conviction relief, which was erroneously designated as a "Supplemental Application." [See Doc. 5, pp. 1-7] Of course, this second round of post-conviction litigation was ultimately dismissed as time-barred by the Louisiana Courts [*see State of Louisiana ex rel. William S. Carter v. State of Louisiana*, 2013-2267 (La. 12/2/2013), 126 So.3d 1287 and *State of Louisiana ex rel. William S. Carter v. State of Louisiana*, 2013-1136 (La. 12/2/2013), 126 So.3d 496] and could not serve to toll limitations.  *See Pace v. DiGuglielmo*, 544 U.S. 408 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (A petitioner's state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus could not toll the limitations period.) Thus, a period of 3 years and 5 months elapsed untolled from January 11, 2011, (the date the Louisiana Supreme Court denied

reconsideration and terminated petitioner's first round of post-conviction relief) until June 30, 2014 (the date petitioner filed his federal habeas petition).  This petition is clearly time-barred by the provisions of the AEDPA. [4]

## 2. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*,

---

[4] Petitioner claimed that the instant petition is timely because, "As recently recognized by the U.S. Supreme Court, Petitioner was unable to make a record on the Issue of Ineffectiveness of Counsel until Post-Conviction Relief. Initially he attempted post-conviction relief *pro se* and without counsel because Louisiana does not provide counsel at that key stage.  Ultimately petitioner's family was able to retain counsel ... and a complete record was made. The District Court denied relief without a hearing due to limitations. The time limitations clearly should have been tolled as done on appeal stage." [Docs. 1, 4 and 6, ¶18]

Petitioner thus implies that limitations should be reckoned as provided in Section 2244(d)(1)(C), the date upon which a Constitutional right has been recognized by the Supreme Court and made retroactive to cases on collateral review. The recent Supreme Court case alluded to in his petition is *Martinez v. Arizona*, — U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (March 20, 2012). *Martinez, supra* and its progeny (see for example, *Trevino v. Thaler*, — U.S. —, 133 S.Ct. 1911 (2013)) recognized that ineffective assistance of counsel at the initial-review collateral attack stage may constitute "cause" to excuse a *habeas* petitioner's procedural default; however, it appears that this line of cases does not apply to the AEDPA's statute of limitations and cannot be invoked to establish eligibility for equitable tolling. *Compare Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period.").

442 F.3d 872, 875 (5th Cir.2006). As recently noted by the Supreme Court, "... a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2562, (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record thus far supports equitable tolling of the statute of limitations in the instant case. The petitioner was not actively misled by the state of Louisiana; nor does it appear that he was prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. Of course, as instructed below, petitioner may object to this Report and Recommendation, and, if he does so, he should provide evidence and argument to establish that he is entitled to either equitable or statutory tolling of the limitations period.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, August 29, 2014.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**